IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NOLFI,<br><br>Plaintiff,<br><br>v.<br><br>HOFFMEISTER GROUP USA, INC., HOFFMEISTER GMBH, and SAMMODE,<br><br>Defendants. | Case No. 2:21-cv-0714<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, David Nolfi, by and through his attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Nolfi brings this Complaint to recover damages under the Pennsylvania Wage Collection Law ("WPCL") and the Fair Labor Standards Act of 1938 ("FLSA") because Defendants failed to compensate him adequate wages for the time that he worked.

### II. Jurisdiction and Venue

2. This action arises under the WPCL and FLSA. This Court has jurisdiction over Nolfi's federal claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Nolfi's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, David Nolfi is an adult individual with a primary residence located at 1424 Laurel Drive, Sewickley, PA 15143.

6. Defendant Hoffmeister USA Group, Inc. is a Pennsylvania business corporation with a registered address at 1424 Laurel Drive, Sewickley PA 15143.

7. Hoffmeister GmbH is a foreign business entity with a business address of Gewerbering 28-32, D-58579 Schalksmühle, Germany.

8. Defendant SHS Sammode Hoffmeister Sill GmbH is a foreign business entity with a business address of Gewerbering 28-32, D-58579 Schalksmühle, Germany.

9. Nolfi was employed directly by Hoffmeister USA Group, Inc.; however, during all relevant times, Nolfi was also employed simultaneously and jointly by Hoffmeister GmBH and SHS Sammode Hoffmeister Sill GmbH.

10. All three defendants acted interchangeably with respect to managing Nolfi's employment and making payments due to him as an employee, either directly or indirectly, and all three defendants are jointly liable to Nolfi for his unpaid wages and compensation.

## IV. Facts

11. Nolfi entered into an employment agreement with Defendants to be paid a yearly salary of $196,000.00 plus an automobile allowance of $7,200.00 per year.

12. Defendants paid Nolfi's regular salary and auto allowance during his employment in 2016 and 2017.

13. Beginning in 2018, Defendants began to fail to pay the salary due to Plaintiff.

14. From January 2018 through October 2019, Nolfi received two monthly salary payments totaling $32,666.66 and nineteen car allowance payments totaling $11,400.00.

15. During this time, Nolfi should have been paid $326,666.60 in salary and $12,000.00 in car allowance.

16. In November 2019, Nolfi resigned from his position with Defendants due to lack of payment of his employment compensation.

17. After Nolfi's resignation, Defendants paid him a total of $73,000 in back wages.

18. To date, Defendants have failed to pay Nolfi has not been compensated the proper wages due in the amount of $221,599.94.

## COUNT I
### Violations of the Wage Payment and Collection Law

19. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

20. The WPCL requires that all employers pay wages due to employees on regular pay days designated in advance by the employer.

21. The WPCL defines "wages" as "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation."

22. Defendants entered into an agreement with Nolfi to him a salary plus a car allowance and then failed to abide by that agreement.

23. Nolfi has suffered monetary damages as a result of Defendants' violations of the WPCL.

24. The foregoing misconduct by Defendants was intentional and undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be compensated properly by Defendants.

## COUNT II
### Violations of the Fair Labor Standards Act of 1938

25. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

26. Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee […] or anyone acting in the capacity of officer or agent" for the organization. 29 U.S.C.A. § 203.

27. At all relevant points, all Defendants acted as employer to Nolfi within the meaning of the FLSA.

28. At all relevant points, Nolfi had been employed by all Defendants within the meaning of the FLSA.

29. Defendants entered into an agreement with Nolfi to pay him a salary plus a car allowance and then failed to abide by that agreement.

30. Plaintiff has suffered monetary damages as a result of Defendants' violations of the FLSA.

31. The foregoing misconduct by Defendants was undertaken intentionally with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be compensated properly by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Nolfi respectfully requests that this Court enter judgment in his favor, and against Defendants, and award all damages available at law and equity, including:

a) $221,599.94 in unpaid wages;

b) $221,599.94 in statutory liquidated damages;

c) Legal fees;

d) Punitive damages to punish Defendants' conduct and deter similar future conduct;

e) Costs for bringing this action;

f) Pre-judgment and continuing interest; and

g) Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
Law & Finance Building
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
(412) 626-5571 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## VERIFICATION

I, David Nolfi, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
David Nolfi